**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO.:**

MCGRAW PROPERTY
SOLUTIONS, LLC

      Plaintiff,

v.

FORTRESS INVESTMENT
GROUP LLC,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, McGraw Property Solutions, LLC ("McGraw Property"), by its undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, Fortress Investment Group LLC ("Fortress"), and in support thereof, alleges as follows:

### I.      INTRODUCTION

1.      This is a case about how Fortress retained McGraw Property to perform substantial work to repair and ultimately replace five roofs on commercial properties located at 4200, 4250, 4300, 4350, and 4400 W. Lake Avenue in Glenview, Illinois (the "Properties").

2.      McGraw Property fully completed all of the work requested by Fortress, and then Fortress refused to pay McGraw Property for its services, which indisputably increased the value of the Properties.

3.      Fortress left McGraw Property holding an empty bag. Ultimately, Fortress sold the Properties for millions of dollars and refused to pay McGraw Property for the substantial benefits it received.

## II.     PARTIES, JURISDICTION, AND VENUE

4.     At all times material hereto, McGraw Property was and is a Florida limited liability company duly registered and authorized to do business throughout the State of Florida, with its principal address located in Martin County, Florida.  Plaintiff has one member, Ricky McGraw, a citizen of Puerto Rico. Ricky McGraw's domicile is in Dorado, Puerto Rico because he has a true, fixed permanent home and principle establishment in Puerto Rico and to which he intends to return whenever he is absent from it.

5.     Fortress is a foreign limited liability company with its principal place of business in New York County, New York and is thus subject to general jurisdiction in New York pursuant to CPLR §301. For subject matter jurisdiction purposes, Fortress' principal place of business is in New York County, New York. Thus, Fortress is a citizen of New York.

6.     Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b)(1)-(2) because it is where Fortress resides and it is where a substantial part of the events or omissions giving rise to the claim occurred.

7.     This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00, exclusive of fees, costs, and interest, and is between citizens of different states.

## III.     GENERAL ALLEGATIONS

8.     Atlas Holdings Investment, LLC d/b/a Brookview Village Apartments, LLC together with its affiliates, Atlas Brookview Mezzanine LLC and Atlas Brookview LLC (collectively, "Atlas") were effectively the entities that owned and controlled the Properties from 2017-February 2021.

9.      Atlas' ownership of the Properties were encumbered by a purchase-money loan, evidenced by a promissory note, mortgage, assignment of rents, and security agreement in favor of a lender. As further security for the loan, the Atlas entity that was the 100% equity and beneficial owner of the Properties, pledged all of its equity interest in Atlas to the lender.

10.      Sometime in 2019, Atlas defaulted on the loan and Fortress acquired the loan and the security interests in the above-mentioned collateral from the lender. After certain events of default occurred, Fortress acquired the Properties in 2021 following a February 17, 2021 UCC foreclosure sale of Atlas' equity interest in the Properties.

11.      After Fortress acquired the Properties, McGraw Properties' roof work and services related thereto were all coordinated, controlled by, and subject to Fortress' approval. Critically, representatives on behalf of McGraw Property and Fortress engaged in regular communications with each other through the completion of the work Fortress required McGraw Property to perform.

A.      **Fortress Retained McGraw Property to Continue the Roof Repairs and Replacements After the Foreclosure Sale.**

12.      McGraw Property began the roof repair and replacement work while the Properties were owned by Atlas. Following the foreclosure sale, Fortress continued to retain McGraw Property to complete the roofs on the five buildings.

13.      After the foreclosure sale and throughout March 2021, Fortress and McGraw Property had extensive communications regarding the coordination of the roofing work. In fact, Fortress required that it be listed as an additional insured on McGraw Property's Certificate of Liability Insurance.

[9847.001/5674034/1]                              3

14.     Beginning in April 2021, Fortress requested status updates regarding the roof work, the number of temporary building repairs completed prior to the full roof replacements, and the estimated completion date. Upon information and belief, Fortress requested regular reports because it had only acquired the Properties in February 2021.

15.     In May 2021, McGraw Property provided Fortress with voluminous photos of the roofs so that Fortress could monitor the progress of the roof repairs to each of the five buildings. Critically, on May 20, 2021, Fortress e-mailed McGraw Property and requested an estimated date of completion for all the roof repair work, to which McGraw Property responded "[within the next 5 to 7 days at most. We are 98 percent complete at least what was presented to me." Based on this timeline, Fortress concluded that the pitched roof replacements would be finished by the end of May 2021.

16.     Throughout the remainder of May 2021, McGraw Property and Fortress exchanged communications regarding the roofs, permitting, and anticipated carpentry that may be needed. In total, McGraw Property's worked related to the pitched roofs, as well as the associated gutters and flashing.

17.     Significantly, from July-August 2021, Fortress and McGraw Property exchanged e-mails about completing punch list items regarding the completed pitched roofs, and a proposal for pricing and a timeline for McGraw Property to replace the flat roofs to the buildings.

18.     While Fortress did not retain McGraw Property to complete the flat roofs, Fortress retained and paid another roofing company to complete these other roofs.  Upon information and belief, the price quoted by McGraw Property for the flat roofs was similar to the price Fortress ultimately paid another company to do this separate job.

19.     After McGraw Property finished all of the pitched roof work, and upon in formation

and belief, on October 6, 2021, McGraw Property sent Fortress its invoice for McGraw Property's

roofing services for the total amount of $1,111310.19. A copy of the invoice is attached hereto as

**Exhibit A**.

20.     During October-November 2021, McGraw Property worked to close out all

existing permits related to the Properties, which occurred.

**B.     Fortress Sells the Properties and Fails to Pay McGraw Property for the Roof Work.**

21.     In December 2022, media outlets reported that Fortress sold the Properties to a

buyer for over $67 million.  McGraw Property was not aware this transaction occurred.

22.     There is no dispute, the work performed by McGraw Property was essential to the

sale.

**C.     Fortress Refused to Pay McGraw Property for the Substantial Work Performed.**

23.     On May 6, 2024, McGraw Property sent Fortress its invoice again, requesting

payment.

24.     This same day, Fortress advised McGraw Property that it sold the Properties in

2022 and would not be paying McGraw Property's invoices for $1,111310.19.  Yet, Fortress paid

another company's invoice for the flat roofs.

25.     McGraw Property indicated it was unaware of any such transaction, but responded

that Fortress was obligated to McGraw Property by virtue of the substantial and valuable services

rendered for Fortress' benefit.

26.     McGraw Property has done and performed all those matters and things properly

required in order to recover damages from Fortress for the work fully performed.

27.     All applicable conditions precedent to the filing of this lawsuit have been performed, waived, excused, or satisfied.

28.     McGraw Property retained the undersigned counsel to represent its interests in connection with the above-captioned case and is obligated to pay undersigned counsel reasonable attorneys' fees and costs for services rendered.

29.     McGraw Property commenced this lawsuit to remedy the wrongdoing by Fortress, and to recover the money it is rightfully owed.

### COUNT I – BREACH OF IMPLIED-IN-FACT CONTRACT/CLAIM FOR QUANTUM MERUIT

30.     McGraw Property realleges Paragraphs 1 through 29 as if fully set forth herein.

31.     This is an action for breach of an implied-in-fact contract/claim for quantum meruit against Fortress.

32.     McGraw Property performed all of the roofing services related to the Properties in good faith.

33.     Fortress accepted McGraw Property's roofing services, and the roof replacements enabled Fortress to ultimately sell the Properties to a buyer.

34.     At all material times, McGraw Property had an expectation that Fortress would pay for all of the work McGraw Property performed. It is unreasonable under the circumstances for Fortress to believe McGraw Property completed substantial roof work for free with no expectation of payment.

35.     The reasonable value of the roof work was $1,111,310.19.

WHEREFORE, Plaintiff McGraw Property Solutions, LLC, respectfully requests that the Court enter a judgment in its favor against Defendant, Fortress Investment Group LLC, for damages, prejudgment interest, costs, and such other and further relief that this Honorable Court may deem just and proper.

## COUNT II – BREACH OF CONTRACT IMPLIED-IN-LAW/UNJUST ENRICHMENT

36.    McGraw Property realleges Paragraphs 1 through 29 as if fully set forth herein.

37.    This is an action for breach of a contract implied-in-law/claim for unjust enrichment against Fortress and is pled in the alternative to Count I.

38.    Fortress was enriched at the expense of McGraw Property by virtue of the substantial and valuable roof services rendered by McGraw Property for the benefit of Fortress.

39.    It is against equity and good conscience to permit Fortress to have retained the valuable roofing services performed by McGraw Property, which substantially aided in Fortress selling the Properties.

40.    The services rendered by McGraw Property which enriched Fortress total $1,111,310.19.

WHEREFORE, Plaintiff McGraw Property Solutions, LLC, respectfully requests that the Court enter a judgment in its favor against Defendant, Fortress Investment Group LLC, for damages, prejudgment interest, costs, and such other and further relief that this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

McGraw Property demands a trial by jury on all Counts so triable.

Dated:  September 11, 2024.

                          **SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.**
                          *Attorneys for McGraw Property*
                          7777 Glades Road, Suite 400
                          Boca Raton, FL  33434
                          Telephone:     (561) 477-7800
                          Facsimile:     (561) 477-7722

                          By:    */s/ Joshua B. Alper*
                                 Joshua B. Alper, Esq.
                                 S.D.N.Y. Bar No./N.Y. Atty. Reg. No.: 5641220
                                 Primary E-Mail:    jalper@sbwh.law
                                 Secondary E-Mail:  floridaservice@sbwh.law